**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-00989

WILL GOODWIN,

      Plaintiff,

v.

JOHNSON CONTROLS, INC.,

      Defendant.

---

## NOTICE OF REMOVAL

Defendant JOHNSON CONTROLS, INC. ("JCI"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the District Court, Arapahoe County, Colorado, Case No. 2024CV030602, to the United States District Court for the District of Colorado. In addition to removing this matter, JCI specifically reserves its right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. As grounds for this removal, JCI states as follows:

### I. Procedural Background

1.    Plaintiff WILL GOODWIN ("Goodwin") filed a civil complaint against JCI in the District Court, Arapahoe County, Colorado, Case No. 2024CV030602, on March 20, 2024 (the "State Court Action").

2.    A copy of the entire case file in the State Court Action is attached as **Exhibit A**. JCI was served with the Complaint, Summons, and District Court Civil Cover Sheet on March 22, 2024 with the pleadings setting forth the claims for relief asserted in the State Court Action. The

Complaint lists four causes of action: (1) Violation of the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq*.; (2) Breach of Contract; (3) Unjust Enrichment; and, (4) Breach of Implied Duty of Good Faith and Fair Dealing.

## II.    Summary of Grounds for Removal.

### A.  The Parties Have Complete Diversity of Citizenship.

1.      Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over Goodwin's claims because this action is between citizens of different states.

2.      Goodwin is a citizen of the State of Colorado.  (*See* **Exhibit A**, Complaint, ¶ 1.)

3.      For removal purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

4.      JCI is, and was at the time of the filing of the Complaint, a Wisconsin corporation with its principal place of business in the State of Wisconsin, making JCI a citizen of Wisconsin within the meaning of 28 U.S.C. § 1332(c)(1).  (*See* **Exhibit A**, Complaint, ¶ 2).

5.      Based on the foregoing, there is complete diversity of citizenship between the Parties in this lawsuit.  Thus, the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332.

### B.  The Amount in Controversy Exceeds $75,000.

1.      Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over Goodwin's claims because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

2.      Where, as here, a plaintiff does not allege a specific amount in controversy in the

complaint, a removing party may provide evidence that it is more likely than not that the amount in controversy exceeds the amount required under 28 U.S.C. § 1332(a). *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (holding a defendant may establish the jurisdictional amount in controversy by showing "jurisdictional <u>facts</u> that made it <u>possible</u> that $75,000 was in play" (emphasis in original)). To determine the amount in controversy, federal courts first look to the allegations in the complaint. *See, e.g., Klein Frank, P.C. v. Girards*, 2012 WL 6720687, at *1-2 (D. Colo. Dec. 27, 2012).

3. Here, Goodwin asserts claims for Violation of the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* (the "CWCA"), Breach of Contract, Unjust Enrichment, and, Breach of Implied Duty of Good Faith and Fair Dealing. (*See* **Exhibit A**, Complaint, ¶¶ 20-53).

4. In his prayer for relief, Goodwin seeks, among other damages, "actual economic damages as established at trial, front pay, back pay, penalties as set forth in C.R.S. § 8-4-109; pre-judgment. and post judgment interest at the legal rate; costs, reasonable attorney fees; and such other and further relief as the Court deems proper" (*Id.*, pp. 8-9.).

5. In the complaint, Goodwin alleges that he suffered economic damages of at least $156,673.12. (*See* **Exhibit A**, Complaint, ¶¶ 16, 25, 50).

6. In addition, and contemporaneously with filing the Complaint, Goodwin filed a District Court Civil ("CV") Case Cover Sheet for Initial Pleadings of Complaint, Counterclaim, Cross-Claim or Third Party Complaint ("Civil Case Cover Sheet"), in which he certifies that he is seeking a monetary judgment "for more than $100,000, including any penalties or punitive damages, but excluding attorney fees, interest and costs." (*See* **Exhibit A**, District Court Civil Cover Sheet, p. 2.)

7.     Goodwin's Case Cover Sheet is compelling evidence that the amount in controversy here exceeds $75,000. *See Kirwan v. Home Depot U.S.A., Inc.,* 2016 WL 1376212, at *2 n. 1 (D. Colo. Apr. 6, 2016) (Daniel, J.) (holding a plaintiff's designation the he is seeking more than $100,000 on a civil case cover sheet puts a defendant on notice that the amount in controversy exceeds the minimum amount required under 28 U.S.C. § 1332); *Roadcap v. Auto-Owners Insurance Co.,* 2014 WL 3952802, at *2 (D. Colo. Aug. 12, 2014) (Brimmer, J.) (holding that while a civil case cover sheet is not, by itself, sufficient to establish the amount in controversy, it is probative evidence regarding the amount); *Valdez v. Byers*, 2009 WL 1440090 (D. Colo. May 20, 2009) (Arguello, J.) (noting that the Civil Cover Sheet may weigh in favor of jurisdiction where buttressed by additional evidence).  Accordingly, by Goodwin's acknowledgment, the amount in controversy, exclusive of interest and costs, exceeds $75,000.   Thus, the monetary threshold for diversity jurisdiction is satisfied.

8.     Removal is proper because the amount in controversy exceeds the sum of $75,000. Pursuant to 28 U.S.C. § 1332(a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between─(1) citizens of different States . . . ."

**C.  This Removal Is Timely Filed.**

1.     JCI is filing this Notice of Removal within thirty days of service of Goodwin's Complaint, which was made on March 22, 2024.  (**Exhibit A**, Declaration of Service.)  Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b)(1).

**D. This Court Is a Proper Venue for Goodwin's Claims against JCI.**

1. Pursuant to 28 U.S.C. § 1441(a), any civil action commenced in a state court asserting a claim over which the District Courts of the United States have original jurisdiction may be removed to the United States District Court embracing the state court where the action is pending.

2. This District Court's geographical jurisdiction encompasses Arapahoe County, Colorado.

3. Therefore, this Court is a proper venue for this lawsuit.

**E. Jurisdictional Prerequisites to Removal Have Been Met.**

1. JCI has not previously sought similar relief.

2. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings and orders served upon" JCI are attached to this notice as **Exhibit A**. There have been no other process, pleadings, or orders served on JCI to date in this case.

3. Pursuant to 28 U.S.C. § 1446(d), JCI is giving written notice of this removal to Goodwin and will also promptly file a copy of the notice, along with a Notice of Filing Notice of Removal, with the clerk of the District Court for Arapahoe County, Colorado.

4. For the foregoing reasons, the State Court Action may be properly removed to this Court. *See* 28 U.S.C. §§ 1441 and 1446.

5. In filing this Notice of Removal, JCI reserves any defenses available to it in this action.

WHEREFORE, Defendant JOHNSON CONTROLS, INC., hereby removes this action from the District Court, Arapahoe County, Colorado to the United States District Court for the District of Colorado.

Respectfully submitted this 12th day of April, 2024.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ William F. Cusack III*
William F. Cusack III
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO 80222
Telephone: 303.764.6800
Facsimile: 303.831.9246
william.cusack@ogletree.com

*Attorneys for Defendant JOHNSON CONTROLS, INC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of April, 2024, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served a true and accurate copy of the same upon counsel for Plaintiff by email:

Sara Ann Green, Esq.
sgreen@hardinlawpc.net


*s/ Alison L. Shaw*
Alison L. Shaw, Paralegal