WILL GOODWIN,

          Plaintiff,

                                        Case No. 25-cv-1855-bhl

     v.

JOHNSON CONTROLS INC,

          Defendant.

---

## ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

---

On March 20, 2024, Plaintiff Will Goodwin filed a four-count complaint in Colorado state court against his employer, Defendant Johnson Controls, Inc. (ECF No. 1-1 at 1.) Johnson Controls removed the case to federal court in the United States District Court for the District of Colorado and then moved to dismiss the complaint for failure to state a claim. (ECF Nos. 1 & 9.) Johnson Control's motion was granted in part, and two of Goodwin's four claims were dismissed. (ECF Nos. 25, 26, & 29.) After that ruling, Johnson Controls moved to transfer the case to this Court. (ECF No. 35.) While the transfer motion was pending, Goodwin filed a second amended complaint, reasserting all four of his original claims, including the claims that had just been dismissed. (ECF No. 64.) Johnson Controls again moved to dismiss, (ECF No. 67), but before that motion was decided, the district court in Colorado transferred the case to this Court, (ECF No. 83). The case has since been mired by further procedural delays, but the renewed motion to dismiss is now ready for resolution. Having reviewed the pleadings, the parties' briefing, and the prior decision from the District of Colorado, the Court concludes that Goodwin's second amended complaint fails to cure the deficiencies identified in the earlier dismissal order. Accordingly, Johnson Controls' renewed motion for partial dismissal will be granted. The parties are directed to meet and confer concerning a plan for moving the case forward. A joint status report including a schedule for the case must be filed within 21 days of this Order.

**FACTUAL ALLEGATIONS[1]**

Goodwin is a citizen of Colorado and an employee of Johnson Controls. (ECF No. 64 ¶1.) Johnson Controls is a corporation with its principal place of business located in Milwaukee, Wisconsin. (*Id.* ¶2.)

On or about June 27, 2016, Johnson Controls hired Goodwin as an Account Executive. (*Id.* ¶3.) As an Account Executive, Goodwin sells equipment and project-based services to Johnson Controls' clients throughout Colorado. (*Id.* ¶4.) His compensation includes wages and incentives. (*Id.* ¶5.) Pursuant to written incentive compensation agreements (which are in effect for each "plan year"), Goodwin also receives commissions from the contracts he procures and closes. (*Id.*) At all times relevant, Johnson Controls subjected Goodwin to its incentive compensation plans, including an incentive plan that applied to Goodwin's work prior to January 1, 2024 (the Pre-2024 Incentive Plan). (*Id.* ¶6.)

Under the Pre-2024 Incentive Plan, upon booking a sale, Goodwin would receive an initial partial commission payout and earn the remaining commission (his "backlog") through periodic payments as the project progressed and as Johnson Controls received payment from the applicable customer. (*Id.* ¶8.) But Goodwin's incentive compensation on a contract was not "actually earned until transfer and reconciliation." (ECF No. 23 at 28, 67.) Johnson Controls also specifically reserved certain rights, including the "right to deduct overpayments from future incentive payments." (*Id.*) The Pre-2024 Incentive Plan also reserved for Johnson Controls "the right to change [the] incentive plan for this Plan Year and any subsequent Plan Year" and provided that management retained "the right to amend, modify, or terminate the plan at the company's discretion with or without notice to the participants, and without consultation." (*Id.* at 37, 76.)

Under the Pre-2024 Incentive Plan, Goodwin typically earned a commission of about 10.11% of the profit margin for qualifying sales. (ECF No. 64 ¶7.) Over the years, Goodwin accumulated a substantial backlog of commissions. (*Id.* ¶9.) If Goodwin procured and closed a contract that called for payments to be made over the course of multiple fiscal years, Goodwin would be paid pursuant to the payment plan in effect at the time the contract closed. (*Id.*) Johnson

---

[1] These factual allegations are derived from Goodwin's second amended complaint, (ECF No. 64), the allegations in which are presumed true when considering a motion to dismiss, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007), and documents incorporated by reference in Goodwin's amended complaint, *see Williamson v. Curran*, 714 F.3d 432, 435–36 (7th Cir. 2013); *see also* Fed. R. Civ. P. 10(c).

Controls paid commissions based on this backlog system from at least June 27, 2016 through late 2023. (*Id.* ¶¶3, 13.)

In November 2023, Johnson Controls announced that it would continue to service and accept payment from the contracts and projects that Account Executives procured under the Pre-2024 Incentive Plan, but that it would not continue to pay the backlog commissions. (*Id.* ¶14.) The change eliminated Goodwin's right to receive commission payments for past work performed and deprived him of compensation that had been "substantially earned and relied upon." (*Id.* ¶16.)

Although Johnson Controls continues to service and profit from the contracts procured by Goodwin under the Pre-2024 Plan, it refuses to pay Goodwin's backlog commissions for contracts acquired under the Pre-2024 Plan. (*Id.* ¶17.) Accordingly, the policy shift allows Johnson Controls to retain hundreds of thousands of dollars for its profit margin that would have been paid out as backlog under the prior policy. (*Id.* ¶¶19, 21.) Goodwin's backlog includes at least $156,673.12 in commissions under the Pre-2024 Incentive Plan for contracts procured and booked prior to October 1, 2023. (*Id.* ¶¶12, 22.)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must do more, however, than "recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ANALYSIS

Goodwin's four-count amended complaint alleges claims for: (1) a violation of the Colorado Wage Act (CWA), C.R.S. §8-4-101; (2) breach of contract; (3) unjust enrichment; and (4) breach of the implied duty of good faith and fair dealing. (ECF No. 64 ¶¶26–66.) Johnson Controls seeks dismissal of the first two claims for the same reasons the Colorado District Court dismissed those same claims as pleaded in his original complaint. (ECF No. 67.)

In response, Goodwin has filed a short, four-page document (including the caption and signature) that cites only five legal authorities. (ECF No. 69.) Most of his legal citations are unrelated to the merits of Johnson Controls' arguments. For example, Goodwin cites Rules 12(b)(6) and 9(c) of the Federal Rules of Civil Procedure and *Iqbal.* (*Id.* at 2.) But these authorities merely set forth the basic standard applicable to a motion to dismiss. His only substantive legal citations are to two Colorado cases, *Nieto v. Clark's Market, Inc.*, 488 P.3d 1140, 1146 (Colo. 2021), and *Hallmon v. Advanced Auto Part*, 921 F.Supp.2d 1110, 1120–21 (D. Colo. 2013). (ECF No. 69 at 2–4.) *Nieto* is a Colorado Supreme Court case addressing whether vacation pay could be earned, vested, and determinable under the CWA based on specific contractual language. 488 P.3d at 1146. *Hallmon* is a Colorado federal court decision that denied summary judgment on a CWA claim due to factual disputes over the amount of compensation owed. 921 F.Supp.2d at 1120–21. Goodwin does not explain how either case applies to this case or Johnson Controls' motion to dismiss arguments.

While the Court appreciates Goodwin's brevity, his bare-bones response offers little more than legal conclusions. It fundamentally fails to confront the arguments raised in Johnson Controls' motion. "Skeletal" arguments—ones that are undeveloped and/or unsupported by law and analysis—are waived. *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011); *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021). Goodwin's meager response would be grounds on its own to grant the pending motion. Nevertheless, for the sake of order, the Court will address Johnson Controls' arguments and explain why Goodwin's CWA and breach of contract claims must be dismissed on the merits. *See Coleman v. United States*, 79 F.4th 822, 828 (7th Cir. 2023) (explaining that courts prefer to resolve disputes on the merits).

**I.     Goodwin's CWA Claim Is Supported Only By Conclusory Allegations and Will Therefore Be Dismissed.**

The CWA is a statutory scheme that ensures employees' earned wages are paid in a timely manner.  *Nieto*, 488 P.3d at 1143.  To bring a claim under the CWA, a plaintiff must allege that his wages or compensation were "earned, vested, and determinable" under the terms of his or her employment agreement.    C.R.S. §8-4-109(3)(b); *Lawson v. Heartland Payment Sys.*, 548 F.Supp.3d 1085, 1091 (D. Colo. 2020).  Wages or compensation include bonuses or commissions earned under an agreement between an employer and employee.   C.R.S. §8-4101(14)(a)(II).  Wages are earned when they are "received as return . . . for work done or services rendered." *Johnson v. Greenfield Holdings*, No. 22-cv-01909-REB-NRN, 2023 WL 3437372, at *4 (D. Colo. May 12, 2023).  Compensation is vested when "'it is not contingent,' but instead 'unconditional or absolute.'"  *Id.*  Finally, compensation is determinable when it is "capable of being determined, definitely ascertained, or decided upon."  *Id.* (citation omitted).

The District Court in Colorado dismissed Goodwin's CWA claim after interpreting the Pre-2024 Incentive Plan and determining that a commission is "earned" under its terms when a contract is transferred, reconciled, and payment is collected.  (ECF No. 29 at 5.)  Under this interpretation, the Court concluded that Goodwin's CWA claim failed because he never alleged the contracts were fully transferred, reconciled, and paid, and, thus, the commissions he was seeking to recover were not absolute, earned, vested, and determinable.  (*Id.* at 6.)

Johnson Controls maintains that Goodwin's second amended complaint suffers from the same defect as his first.  (ECF No. 67 at 11–13.)  It maintains that Goodwin's allegations that his commissions were earned are conclusory and that factual allegations within the complaint contradict his conclusion.  (*Id.* at 13.)  It points to two times within Goodwin's complaint that he alleges that his contracts only "substantially" met the requirements to be fully vested.  (*Id.* (citing ECF No. 64 ¶¶16 ("This retroactive change . . . deprived [Goodwin] of compensation that had already been substantially earned and relied upon."), 35 ("[The Pre-2024 Incentive Plan] conditions have been met or substantially met.")).)

In response, Goodwin insists that his allegations are sufficient.  (ECF No. 69 at 2–3.)  But Goodwin makes no attempt to address Johnson Controls' argument that his allegations are contradictory and conclusory.  (*See id.*)  He also fails to explain how the second amended complaint overcomes the defects identified by the Colorado Court.  (*See id.*)

The Court agrees with Johnson Controls that Goodwin's CWA claim fails. Goodwin has again failed to allege that the commissions he seeks to recover were fully vested under the Pre-2024 Incentive Plan. While the amended complaint alleges in conclusory fashion that "conditions precedent to payment . . . for a significant number of his contracts were met," that his "backlog includes at least $156,673.12 in commissions he earned," that the conditions for vesting "have been met," and that "his commissions were earned," (ECF No. 64 ¶¶11–12, 35–36), these legal conclusions are contradicted by more specific factual allegations within his pleading. The amended complaint specifically alleges that: (1) Johnson Controls "continu[ed] to service and profit from the contracts" procured by Goodwin; (2) Goodwin's compensation was only "substantially earned;" and (3) Johnson Controls "continued to accept payment" under the contracts Goodwin procured pursuant to the Pre-2024 Incentive Plan. (*Id.* ¶¶14, 16–17, 35.) Taking these allegations as true, if Johnson Controls continued to profit from the contracts, and the commissions were "substantially" earned, then, as previously ruled by the Colorado Court, under the Pre-2024 Incentive Plan, Goodwin's commissions cannot have been earned, vested, or determinable. Accordingly, Goodwin's CWA claim fails.

## II. Goodwin's Breach of Contract Claim Fails Because There Is No Allegation That Johnson Controls Failed to Perform Under the Contract.

Under Colorado Law, a breach of contract claim requires: (1) existence of a contract; (2) performance by the plaintiff; (3) failure to perform by the defendant; and (4) damages. *See Shell v. Am. Fam. Rights Ass'n*, 899 F.Supp.2d 1035, 1058 (D. Colo. 2012) (citing *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). The Colorado Court dismissed Goodwin's prior effort to assert this claim, explaining that, because the Pre-2024 Incentive Plan required reconciliation and full payment before Goodwin was entitled to payment, his breach of contract claim failed. (ECF No. 29 at 8.) It also noted that the Pre-2024 Incentive Plan permitted Johnson Controls to change, modify, and terminate the Plan without notice. (*Id.*) Accordingly, it concluded Goodwin had failed to allege that the conditions precedent were satisfied while the Pre-2024 Incentive Plan was in place. (*Id.* (citing *Rosales v. AT & T Info. Sys., Inc.*, 702 F.Supp. 1489, 1503 (D. Colo. 1988) (Fed. R. Civ. P. 9(c) requires a plaintiff to plead the performance of conditions precedent to allege a claim for breach of contract)).)

In defense of his allegations, Goodwin offers only a single sentence, unsupported by any legal authority. He maintains that the motion to dismiss should be denied because he has alleged

that Johnson Controls "prevented conditions precedent from occurring by failing to reconcile projects or credit payments," supporting a breach of contract claim. (ECF No. 69 at 3–4 (citing ECF No. 64 ¶51).) He points to his allegation in the second amended complaint that states: "[t]o the extent any contracts had not yet been reconciled or fully paid, Defendant's conduct—including its failure to perform reconciliation or refusal to apply previously accepted practices—prevented those conditions from being satisfied." (ECF No. 64 ¶51.) Beyond this undeveloped reference, Goodwin does not otherwise explain why his second amended pleading corrects the flaw identified in the prior dismissal order. Having failed to develop this argument, the Court deems it waived and will dismiss Goodwin's breach of contract claim too.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Johnson Controls' partial motion to dismiss, ECF No. 67, is **GRANTED**. Goodwin's claims for violations of the CWA and breach of contract are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that within **twenty-one (21) days** of this Order, the parties must submit a joint status report that contains a proposed schedule for moving the case to resolution.

Dated at Milwaukee, Wisconsin on June 9, 2026.

s/ *Brett H. Ludwig*
*BRETT H. LUDWIG*
United States District Judge